# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

JOHN ALVIN BECK,

                              Plaintiff,

        -v.-                                        5:16-CV-1104 (GTS/ATB)

CORNELL UNIVERSITY,

                              Defendant.

JOHN ALVIN BECK, Plaintiff pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court for review a complaint, together with an application to proceed in forma pauperis ("IFP"), filed by *pro se* plaintiff John Alvin Beck. (Dkt. Nos. 1, 2).

**I.**    **IFP Application**

Plaintiff declares in his IFP application that he is unable to pay the filing fee. (Dkt. No. 2). Although a review of plaintiff's application shows that he owns a home and other real estate, he has limited annual income. Thus, this court finds, for purposes of this recommendation, that plaintiff meets the financial criteria for IFP status.

However, in addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiffs' complaint under the above standards.

## II. Facts

Plaintiff has filed this action on a complaint form used for civil rights cases brought pursuant to 42 U.S.C. § 1983. However, his complaint focuses on the alleged wrongful termination from his employment at Cornell University ("Cornell") in 2003 (Dkt. No. 1, CM/ECF at 2-5). Plaintiff alleges that he was terminated from his

2

unspecified position at the Cornell "T & R Center"[1] when he refused to follow an order to "directly sin against God" and "refused to kill for Cornell." (*Id.*, CM/ECF at p. 4). Plaintiff also claims that Cornell refused to pay him wages that were due, after a Cornell employee altered plaintiff's time card by crossing off hours that plaintiff had worked. (*Id.*, CM/ECF at pp. 2-3). He also summarily alleges that Cornell failed to protect him from harm, in a purported claim under the "Federal Clery Act." (*Id.*, CM/ECF at p. 3).

III. **Causes of Action**

    A. **42 U.S.C. § 1983**

        1. **Legal Standards**

To state a claim under section 1983, the plaintiff must allege both that the defendants have violated plaintiff's rights under either the Constitution or laws of the United States and that the defendants acted "under color of state law." *Rae v. City of Suffolk*, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010); 42 U.S.C. § 1983.

        2. **Application**

Plaintiff has only named Cornell University, a private university, as a defendant. Plaintiff has not alleged that Cornell acted under color of state law for purposes of a section 1983 claim. Plaintiff's recitation of the facts has also not demonstrated "a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may fairly be treated as that of the State itself." *See Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 349 (1974); *Curto v. Smith*, 248 F.

---

[1] Based upon my review of the Cornell website, plaintiff is referring to the Harford Animal Science Teaching and Research Center, located in Dryden, New York. http://events.cornell.edu/harford_animal_science_teaching_and_research_center.

3

Supp. 2d 132, 139-40 (N.D.N.Y. 2011) (Cornell College of Veterinary Medicine was not a state actor merely because it received government funding). Thus, plaintiff has not stated a claim under section 1983.

B. **Clery Act**

1. **Legal Standards**

The Jeanne Clery Disclosure of Campus Security Policy and Campus Crime Statistics Act, ("Clery Act"), codified at 20 U.S.C. 1092(f), requires higher education institutions who receive federal funding to comply with certain campus safety and student disciplinary requirements, share information about crime on campus with the public, and provide support to victims of sexual assault, domestic violence, dating violence, and stalking.

2. **Application**

The Clery Act specifically states that its provisions do not give rise to private causes of action against educational institutions. 20 U.S.C. §§ 1092(f)(14)(A)(i); 1092(i)(5)(C); 1092(j)(2)(B); *see also Dziedzic v. State University of New York at Oswego*, Case No. 5:10-CV-1018 (FJS/DEP), 2014 WL 7331926, at *2 (terminated employee had no cause of action under Clery Act). Accordingly, plaintiff has not stated a claim against Cornell under the Clery Act.

C. **Other Federal Statutes**

Because plaintiff is pro se, the court must construe his pleadings liberally to raise the strongest arguments they suggest. *See Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). In doing so, I have considered other federal statutory causes of action potentially raised in the complaint, but find that plaintiff still fails to state a claim.

1. **Title VII**

    a. **Legal Standards**

Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating against an individual based upon "race, color, religion, sex, or national origin," but does not include claims based on "general animus or hostility." *Shamilov v. Human Resources Admin.*, No. 10 Civ. 8745, 2011 WL 6085550, at *5 (S.D.N.Y. Dec. 6, 2011) (quoting 42 U.S.C. § 2000e-2(a)). At the pleading stage, plaintiff must allege "the essential elements of an employment discrimination claim." *Id.* (citing *Petane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007)). The plaintiff must allege that he belongs to a protected class, suffered an adverse employment action, and that the adverse action occurred under circumstances that give rise to "an inference of discriminatory intent." *Id.* (citing *Sanders v. Human Res. Admin.*, 361 F.3d 749, 755 (2d Cir. 2004)).

A plaintiff under Title VII must satisfy two conditions before commencing suit in federal court. First, the complainant must file timely administrative charges with the Equal Employment Opportunity Commission ("EEOC"). Then the plaintiff must receive a "right-to-sue" letter from the EEOC. *See McPherson v. New York City Dep't of Educ.*, 457 F.3d 211, 213 (2d Cir. 2006).

    b. **Application**

Plaintiff has not included a right-to-sue letter with his complaint, or offered any indication that he exhausted the EEOC administrative process. In addition to this procedural bar, plaintiff has failed to state a Title VII claim. Although plaintiff alleges that he was terminated from his position for refusing to obey an order that was "a sin against God," he has not alleged any facts that would give rise to even an inference of discriminatory intent based on religion. To interpret plaintiff's facts as alleging such

5

discrimination would be speculative at best, even reading the complaint with the liberality to which *pro se* plaintiffs are entitled.

Plaintiff also claims that his termination was made in retaliation for his refusal to commit an unspecified crime. To state a claim for retaliation, the plaintiff must allege that he engaged in "protected activity by opposing an employment practice made unlawful under the relevant statute," that his employer was aware of plaintiff's protected activity, that the employer took an adverse employment action against the plaintiff, and that there was a causal connection between the adverse employment action and the protected activity. *Gordon v. New York City Bd. of Ed.*, 232 F.3d 111, 113 (2d Cir. 2000). Plaintiff need not establish a prima facie case of retaliation, but must at least allege facts that state a plausible claim for retaliation. *Chang v. City of New York Dep't for the Aging*, No. 11 Civ. 7062, 2012 WL 1188427, at *6, (S.D.N.Y. Apr. 10, 2012) (Rep't-Rec.) (citation omitted).

There is no indication in the complaint that plaintiff engaged in any "protected activity" prior to his termination, or that any such protected activity was the motivation for his termination. Thus, plaintiff has failed to state any plausible claim for employment discrimination under Title VII, and the court still recommends dismissal of the complaint.

### 2. Fair Labor Standards Act ("FLSA")

#### 1. Legal Standards

The FLSA requires employers to pay employees a minimum wage. 29 U.S.C. § 206(a)(1). "For minimum-wage recovery under the FLSA, the pertinent question is whether the amount of compensation that plaintiff received as an employee resulted in a straight-time hourly rate that is less than the applicable federal minimum wage."

*Gregory v. Stewart's Shops Corp.*, Case No. 7:14-CV-33, 2015 WL 893058, at *3 (N.D.N.Y. Mar. 2, 2015).  In order to state an FLSA minimum wage claim, it is sufficient for plaintiff to allege facts about his salary and working hours, such that a simple arithmetical calculation can be used to determine the amount owed per pay period.  *Id.* (citations omitted).

The FLSA also requires that an employee who works in excess of forty hours shall be compensated for that excess work at a rate not less than one and one-half times his regular rate. 29 U.S.C. § 207(a)(1).  In order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours.  *See Lundy v. Catholic Health Sys. of Long Island*, 711 F.3d 106, 114 (2d Cir. 2013).

### 2. Application

Plaintiff alleges that, following his termination, a Cornell supervisor "forged [plaintiff's] employment time card and crossed off my work hours and signed his own name," and that Cornell "refused to pay me my wages that were due me." (Dkt. No.1, CM/ECF at pp. 2-3).  Plaintiff has not provided any facts in his complaint regarding his standard wages or working hours, or the amount of compensation that he should have received.  As a result, plaintiff has not alleged a plausible claim pursuant to FLSA's minimum wage or overtime provisions.  As the court has not found any plausible causes of action raised by plaintiff, I recommend dismissing the complaint in its entirety.

## IV. Statutes of Limitations

### A. Legal Standards

Accrual of claims is governed by federal law. *Twersky v. Yeshiva University*, 579 F. App'x 7, 9 (2d Cir. 2014).  A claim accrues when it "'comes into existence,'" and

7

when the plaintiff "'has a complete and present cause of action.'" *Id.* (citing *Gabelli v. S.E.C.*, __ U.S. __, 133 S. Ct. 1216, 1220 (2013)). Under the "discovery" accrual rule, a cause of action accrues when "with reasonable diligence, the plaintiff has or should have discovered the critical facts of both his injury and its cause.'" *Id.* (quoting *AQC ex rel. Castillo v. United States*, 656 F.3d 135, 140 (2d Cir. 2011) (internal quotation marks omitted).

Even if the statute of limitations has run, "equitable tolling" may be available. Equitable tolling is applied in "rare and exceptional cases" where "extraordinary circumstances" prevented the plaintiff from filing his claims within the statute of limitations. *See Abbas v. Dixon*, 480 F.3d 560, 564 (2d Cir. 2007). Plaintiff bears the burden of establishing the applicability of equitable tolling. *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000).

### B. Application

Federal courts borrow the state law personal injury statute of limitations period for purposes of filing section 1983 actions. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). In New York State, the relevant limitations period is three years. *Owens v. Okure*, 488 U.S. 235, 250-51 (1989); *see* N.Y. Civ. Prac. L & R. § 214(5). Under Title VII, the statute of limitations for filing a charge of unlawful employment action with the EEOC or an appropriate state-level agency is 300 days. *See* 42 U.S.C. § 2000e–5(e)(1). For FLSA minimum wage or overtime claims, there is a two year statute of limitations, except in the case of willful violations, for which the statute of limitations is three years. 29 U.S.C. § 255(a).

All of plaintiff's allegations are based on events that occurred approximately thirteen years ago. (Dkt. No. 1, CM/ECF at pp. 2-4). Plaintiff admits that he received

8

written notice of his termination from Cornell on or about November 11, 2003. (*Id.*, CM/ECF at 4). Therefore, even if plaintiff stated a cause of action under the statutes listed above, his complaint would be untimely. Plaintiff has not provided any basis for the application of equitable tolling.

Generally, a court should not dismiss a complaint as time-barred without providing the pro se plaintiff with notice and an opportunity to be heard as to whether there might be a meritorious tolling argument or other reason why the complaint may be considered timely. *Abbas v. Dixon*, 480 F.3d 636, 640-41 (2d Cir. 2007). In this case, dismissal is based upon plaintiff's failure to state a cause of action for which relief may be granted. In addition, I cannot conceive of a circumstance that would excuse plaintiff's nearly thirteen year delay in commencing an action for his alleged unlawful termination and unpaid wages. Therefore, such notice is unnecessary.

V.    **Opportunity to Amend**

    A.    **Legal Standard**

Generally, when the court dismisses a pro se complaint for failure to state a claim, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *See Ellis v. Wilkinson*, 81 F. Supp. 3d 229, 238-39 (E.D.N.Y. 2015) (considering whether to grant plaintiff leave to amend after finding that plaintiff failed to state a plausible claim under section 1983) (citing *Cuoco v. Moritsugo*, 222 F.3d 99, 112 (2d Cir. 2000) (leave to amend should be denied where "better pleading will not cure" the defects in a plaintiff's complaint.").

    B.    **Application**

In this case, the court finds that any attempt by plaintiff to amend his complaint

9

would be futile. Better pleading would not cure all of the defects in plaintiff's complaint. *See, e.g., Grace v. Rosenstock*, 228 F.3d 40, 53 (2d Cir.2000) ("Amendment would likely be futile if, for example, the claims the plaintiff sought to add would be barred by the applicable statute of limitations."); *Bridgeforth v. U.S. Navy Recruitment Office*, No. 11–CV–431 (TJM/RFT), 2011 WL 5881778, at *2 (N.D.N.Y. Nov. 23, 2011) ("Amendment would be futile here because Plaintiff's claims arise from events, which he was aware of, that occurred more than three years before he commenced this Section 1983 action.") Therefore, the court recommends dismissing the action with prejudice.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) is **GRANTED** for purposes of filing only, and it is

**RECOMMENDED**, that this action be **DISMISSED IN ITS ENTIRETY WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: September 22, 2016

Hon. Andrew T. Baxter
U.S. Magistrate Judge